(120 App. Div. 674)

### In re HULL'S ESTATE.

(Supreme Court, Appellate Division, Third Department.　June 25, 1907.)

EXECUTORS—ACCOUNTING—JUDGMENT—MODIFICATION.

Where a decree on an executor's final account provided that he should pay over to contestant all interest, income, or other accretion which came into his hands subsequent to the verification of his account, provided that the amount thereof should be determined and adjudged, together with the commissions and allowances for necessary expenses due the executor "on account thereof" by supplemental account to be made and filed, contestant was not prejudiced by a modification of the order on the theory that it limited the executor's allowance and expenses incurred on such supplemental account, so as to provide for a final accounting and the allowance of legitimate expenses incurred in the management of the estate subsequent to the prior accounting.

Appeal from Surrogate's Court, Fulton County.

Judicial accounting by James Hull, as executor of the estate of Mary Emily Hull, deceased.　From an order modifying and correcting a former order directing the filing of a supplemental account, Helen Maxwell Williams, a residuary legatee, appeals.　Affirmed.

The order appealed from states that it is made to correct a decree made in this matter on July 28, 1905. It was made after such decree had been affirmed on appeal by this court and by the Court of Appeals. The correction, however, did not in any way involve any thing passed upon by the Appellate Courts. Such decree contained a provision that the executor should pay over to said Helen Maxwell Williams, the contestant, all sums of interest, income, or other accretion to the estate which shall come to his hands subsequent to the verification of his account, "provided, however, that the amount so remaining (if any) of such interest, income, or other accretion or property shall be determined and adjudged, together with the commissions and allowances for necessary expenses due said executor on account thereof by supplementary account to be made and filed by him herein." The order appealed from, which was intended to correct such decree, provides "that the said executor shall file a supplemental account of all his acts, transactions, receipts, and disbursements made on behalf of said estate since the filing of his account herein January 2, 1903, in order that the amount remaining of said estate, property, and income, together with the commissions and allowances, if any, for necessary expenses due said executor, may be heard, adjudged, and determined, so that he may pay and deliver the same to Helen Maxwell Williams, and that the surrogate may pass upon said supplemental account the same as upon an original final accounting."

Argued before SMITH. P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank Talbot, for appellant.
Andrew J. Nellis, for respondent.

CHESTER, J.　The correction or modification was apparently made because the respondent believed that the words "on account thereof" contained in the decree as entered limited the surrogate upon the supplemental account directed to be filed by the executor to allowing such expenses only as related to the interest, income, or accretion of the property, and prohibited the allowance of any other expenses in the management of the estate subsequent to the former accounting.　If there have been any legitimate or lawful expenses incurred by this executor subsequent to that date, we see no reason why the surrogate

should not pass upon them in the supplemental account, nor do we conceive how the appellant is aggrieved by the order appealed from. Counsel for the appellant seems to fear that it was the purpose of the order to procure the allowance to the executor and the payment out of the estate of large sums for counsel fees and expenses in the litigation which the executor has had with this appellant in endeavoring to procure a substantial proportion of the estate for himself in reduction of her share. It is unimportant for us to consider here whether these fears are well founded or not, for the reason that any claim of that kind on his part must first be presented in his supplemental account to the surrogate, where the appellant, if she contests the account, will have full opportunity to be heard in opposition thereto, and where the surrogate must then pass in the first instance upon the question as to whether any charges or expenses of that or any other character there included are legal and proper charges against the estate. There is nothing in the order appealed from which will permit the surrogate, if he was so inclined, to allow any expenses of any other character to be paid out of this estate. The order simply permits him to pass upon any claim for necessary expenses due said executor that may be presented, but gives him no authority to allow any improper or illegal claims.

For these reasons, the order should be affirmed, with $10 costs and disbursements. All concur.